(79 Misc. Rep. 439.)

## HYMAN v. NEW YORK URBAN REAL ESTATE CO.

(Supreme Court, Appellate Term, First Department. February 18, 1913.)

CORPORATIONS (§ 376*)—EXTENT OF POWERS—PURCHASE OF OWN STOCK—STATUTES.

A contract by which defendant contracted to sell shares of its stock to plaintiff on installments, with leave to pay off monthly installments in consecutive order, and that, after two years' payments, the company upon six months' written notice would return all payments with interest, upon which plaintiff paid defendant $350, representing two full years' payments, was not an agreement to purchase shares of defendant's own stock within Penal Law (Consol. Laws 1909, c. 40) § 664, making it a misdemeanor for a director of a stock corporation to concur in a vote to apply its funds to the purchase of its own stock, and plaintiff upon giving the prescribed notice was entitled to repayment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1530; Dec. Dig. § 376.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Nathan E. Hyman against the New York Urban Real Estate Company. From a judgment of the Municipal Court of the City of New York in favor of plaintiff, defendant appeals. Affirmed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Alvin Summers, of New York City (Adolphus D. Pape, of New York City, of counsel), for appellant.

Maurice Nagler, of New York City, for respondent.

SEABURY, J. Plaintiff sues to recover money due to him pursuant to the terms of certain contracts entered into between the plaintiff and the defendant. The defendant is a corporation organized under the laws of the state of New York. It does business in the city of New York, and it is capitalized for $1,000,000. Its preferred stock aggregates $500,000, and its common stock $500,000. The par value of each share is $10. Under the contracts entered into between the plaintiff and the defendant, the plaintiff is designated as the purchaser, and agrees to purchase a certain number of shares of stock of the defendant, which is designated in the contract as the company. The company agrees to sell the shares of stock to the plaintiff upon certain "conditions and privileges" which are set forth on the back of the contract. In these "conditions and privileges" the purchaser agrees to make payments of certain installments until an amount specified has been fully paid. The purchaser is also permitted "to hasten the maturity of this contract" by paying off monthly installments in consecutive order beginning with the last installment to fall due under the contract. The contract also provided that, "after two full years payments shall have been made, the company will, upon six months' written notice, return all payments made hereon with interest at the rate of four per cent. per annum." The plaintiff under the contract sued upon paid $350 to the defendant, which sum represented two full years

payments under the contract, and the plaintiff gave the six months' written notice required, and asked the return of the payments made under the clause of the contract quoted above. The defendant now resists payment on the ground that the contract is an agreement "to purchase its own stock," and claims that such an agreement is prohibited by section 664 of the Penal Law (Consol. Laws 1909, c. 40). This section of the Penal Law makes it a misdemeanor for a director of a stock corporation to concur in a vote to apply the funds of a corporation, except surplus profits, to the purchase of shares of its own stock. Strictly speaking, I do not think that these contracts fall within this particular provision of the Penal Law. Richards v. Wiener Co., 207 N. Y. 59, 100 N. E. 592. I do not think that the defendant agreed to commit the particular crime which its counsel claims it agreed to commit. The agreement to refund the money which the plaintiff paid was not an agreement to purchase shares of its own stock. The stock had, in fact, never been actually sold to the plaintiff. All that the plaintiff did was to pay money to the defendant on the assurance given by the contract that the defendant would, when the amount specified was fully paid, sell the stock to the plaintiff. The plaintiff, under the clause of the contract quoted above, had the right to demand the repayment of the amount advanced. We are satisfied that the defendant has established no defense to this action. It is also clear to us from the character of the contract and from the nature of the alleged defense that the business being carried on by the defendant should be investigated by those charged with responsibility for enforcing the criminal law.

Judgment affirmed, with costs. All concur.